United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 4, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50540
Summary Calendar

ALFRED HENDERSON, JR.,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, EXECUTIVE DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(4:98-CV-78)
- - - - - - - - - -

Before SMITH, WIENER, AND OWEN, Circuit Judges.

PER CURIAM:[*]

In this 42 U.S.C. § 1983 civil rights proceeding, Alfred
Henderson, Jr., Texas prisoner # 714885, appeals the district
court's order granting a motion for summary judgment in favor of
Correctional Officer Sergio Leyva and Mailroom Supervisor
Florestela Moreno. Henderson also appeals rulings in favor of
Grievance Coordinator Vickey Barkley and Disciplinary Hearing
Officer Richard Barkley. Henderson alleged that the Barkleys, a
married couple, employed nepotism to thwart his right to an
impartial grievance procedure, and that all four of the above-named
defendants retaliated against him for filing grievances.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Henderson contends that the district court abused its discretion in granting the defendants' motion for leave to file their summary-judgment motion out of time. He also maintains that, without notice, the court granted the motion five days prior to a jury trial on some of his claims against the Barkleys, depriving him of an opportunity to conduct discovery and to file an effective summary-judgment response.

In June 2003, the defendants moved for leave to file for summary judgment out of time, to which motion Henderson objected. In a September 30, 2003, order, the court denied Henderson's motion not to proceed to trial "until after Defendants' Motion for Summary Judgment has been addressed." The court did not issue its order on the defendants' motion until February 2004.

A district court has broad discretion to expand deadlines for filing dispositive motions. See Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 367 (5th Cir. 1995). Moreover, nothing in FED. R. CIV. P. 56 requires a district court to give the parties explicit notice before taking a summary-judgment motion under consideration. See Southwestern Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 545-46 (5th Cir. 2003). The district court's September 30, 2003, order implicitly granted the defendants' motion for leave to file their summary-judgment motion out of time and provided Henderson notice that the court would take the motion under consideration. Henderson had several months in which to file a response before the court issued its order disposing of the summary-judgment motion. No abuse of discretion is apparent in either the consideration of

2

the summary-judgment motion or in the court's failure to furnish Henderson express notice regarding its consideration of that motion. See Southwestern Bell, 346 F.3d at 546.

Henderson contends that the district court erred in granting summary judgment to defendants Leyva and Moreno on his claim that they tampered with his outgoing mail regarding the grievance procedure at the prison where he was incarcerated. Henderson provided competent summary-judgment evidence that demonstrated a genuine issue of fact as to assertions in affidavits of Leyva and Moreno that they had never tampered with Henderson's mail. An administrative response to one of Henderson's grievances and an "Official Statement" from Moreno reflected that Leyva had opened Henderson's mail on one occasion. Standing alone, however, the opening of inmate mail does not state a cognizable constitutional claim. See Brewer v. Wilkinson, 3 F.3d 816, 825 (5th Cir. 1993); Jackson v. Cain, 864 F.3d 1235, 1244 (5th Cir. 1989). Thus, even though the fact of opening his mail is genuinely disputed, that fact is not material. Therefore, Henderson failed to highlight any genuine issue of material fact as to his mail-tampering claim with respect to Leyva and Moreno. See FED. R. CIV. P. 56(c), (e); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Henderson also insists that the district court erred in dismissing his retaliation claims against Leyva, Moreno, and the Barkleys. The mail-tampering allegations formed part of the factual basis for this claim. Although for purposes of his retaliation claim, Henderson established a genuine issue of fact

3

with respect to mail-tampering by Leyva and Moreno, he failed to point to any evidence, or to allege a "chronology of events," linking their mail tampering to any retaliatory motive on the part of the Barkleys.  See Rule 56(e); <u>Woods v. Smith</u>, 60 F.3d 1161, 1166 (5th Cir. 1994).

Henderson has not adequately briefed his contention that the district court erred in the conduct of the trial of his claims against the Barkleys or that the jury verdict in their favor was invalid.  Therefore, Henderson has effectively abandoned those contentions.  See <u>Cinel v. Connick</u>, 15 F.3d 1338, 1345 (5th Cir. 1994).

The judgment of the district court is AFFIRMED.  Henderson's motion to supplement the record on appeal with district-court records and transcripts is DENIED as unnecessary.